UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lightron Corporation, and ISC Properties Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company (improperly pled as Allstate Insurance Company, individually and as corporate successor to Northbrook Indemnity Company) <br><br> Defendants. | CIVIL ACTION NO. 1:24-CV-08452-JGK <br><br> **CONFIDENTIALITY STIPULATION AND** ~~PROPOSED~~ **PROTECTIVE ORDER** |

**WHEREAS**, Plaintiffs Lightron Corporation and ISC Properties, Inc. ("Plaintiffs") and Defendant Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly Northbrook Insurance Company ("Allstate"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED**, that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Any party or third party may designate as Confidential Information all or portions of transcripts of depositions, or exhibits

{80337784:1}

thereto, containing information deemed confidential, by making such designation on the record either at the deposition itself or within thirty (30) days from the receipt of the transcript of such deposition and upon written notice to all parties. The transcripts of any such deposition or exhibit shall be marked by the court reporter as "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The Parties and their respective counsel assisting the Parties in this litigation, including the members, partners, associates, and paralegal and clinical staff of the law firms of said counsel;

   b. Such officers, employees, or representatives of a Party, including in-house counsel, as such Party deems necessary in connection with this litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

  e. Any reinsurer, retrocessionaire, auditor, regulator or other entity or person to whom any Party of its counsel is contractually or legally obligated to make such disclosure;

  f. Any governmental or regulatory body as required by law;

  g. Deposition or trial witnesses or potential deposition or trial witnesses in this action who are not subject to subparagraphs (a) and (b);

  h. Court reporters and other persons involved in recording deposition testimony in this action;

  i. Employees of copying services utilized with respect to this action, provided they return the materials and all copies thereof to the Party utilizing the service; and

  j. Employees of litigation support vendors utilized with respect to this action.

5. Nothing in this Order shall preclude any Party from using or disclosing its own Confidential Information in any manner it sees fit, without the prior consent of any other party or the Court.

6. Prior to disclosing or displaying the Confidential Information to any person listed in Paragraph 4 (c), (g) or (h) above, counsel must require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A. All such acknowledgements shall be retained by counsel for the Party disclosing the Confidential Information.

7. Prior to disclosing or displaying the Confidential Information to any person listed in Paragraph 4(a), (b), (d), (e), (f), (i) and (J), counsel must:

  a. Inform the person of the confidential nature of the information or documents; and

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

10. Within 30 days of the conclusion of the proceedings in this litigation and after entry of final judgment no longer subject to further appeal, Confidential Information and any copies thereof shall be either: (1) promptly returned to the producing party; (2) maintained in the receiving party's files as confidential in accordance with the terms of this Order; or (3) destroyed.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

12. The parties agree that the inadvertent production of documents or information subject to attorney-client privilege, work product protection, or any other applicable privilege or protection shall not constitute a waiver of such privilege or protection. If a party discovers that it has

{80337784:1}   4

inadvertently produced privileged or protected material, it shall promptly notify the receiving party in writing, identifying the specific documents or information at issue.

Upon receipt of such notice, the receiving party shall:

- Promptly return, destroy, or delete all copies of the identified documents or information;
- Refrain from reviewing, using, or disclosing the material in any manner; and
- Take reasonable steps to retrieve any disclosed material from third parties, if applicable.

If the receiving party disputes the claim of privilege or protection, it may sequester the material and challenge the designation before the Court, but it shall not use or disclose the material unless and until the Court rules on the matter. The inadvertent disclosure of privileged or protected materials shall not be deemed a waiver in any proceeding, whether in this jurisdiction or any other.

13. This Order is not binding on the Court or Court Personnel. The Court reserves the right to amend it at any time.

{80337784:1}

5

**SO STIPULATED AND AGREED.**

Dated: February 14, 2025
        New York, NY
ANDERSON KILL P.C.

*/s/ Jason Kosek*
Robert Chesler, Esq.
Cort Malone, Esq.
Jason Kosek, Esq.
1251 Avenue of the Americas
New York, NY 10020-1182
Telephone: (212) 278-1000
Attorneys for Plaintiffs
Lightron Corporation, and ISC Properties Inc.


*s/ Stefano V. Calogero*
Stefano V. Calogero
One Giralda Farms Madison, NJ 07940
T: (973) 966-3205 F: (973) 966-3250
Attorneys for Defendant
Allstate Insurance Company, solely as successor
in interest to Northbrook Excess and Surplus
Insurance Company, formerly Northbrook
Insurance Company

**SO ORDERED.**

2/17/25

Dated: New York, New York

JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

{80337784:1}                        6