```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------------------------------

LIGHTRON CORPORATION, ET AL.,
                    Plaintiffs,           24-cv-8452 (JGK)

    - against -                           **MEMORANDUM OPINION
                                          AND ORDER**
ALLSTATE INSURANCE COMPANY,
                    Defendant.

-----------------------------------------------------------------

**JOHN G. KOELTL**, District Judge:

The plaintiffs, Lightron Corporation and ISC Properties Inc, brought this action against the defendant, Allstate Insurance Company ("Allstate") as corporate successor to Northbrook Indemnity Company ("Northbrook"), seeking to enforce remediation rights for contamination arising from a Superfund site, under an insurance policy issued by Northbrook. Allstate seeks to implead several third-party defendants. The plaintiffs oppose Allstate's motion to file a third-party complaint. For the following reasons, the motion for leave to file a third-party complaint is **granted**.

                              I.

The plaintiffs allege that they have been named by the United States Environmental Protection Agency (the "EPA") as potentially responsible parties for remediation of a contaminated Superfund Site (the "Site"). See Compl. ¶ 2, ECF No. 1. Between 1955 and 1979, the plaintiffs allegedly engaged in metal plating, polishing, and lacquering operations at the

Site. See id. ¶ 10. The plaintiffs allege that their liability for contamination at the Site arose, in large part, out of an accident that occurred in 1979 while the plaintiffs were covered by the Northbrook Policy. See id. ¶ 12. Specifically, the plaintiffs allege that in February 1979, a fire main burst, releasing a large amount of pressurized water that washed contaminated soil into Furnace Brook—a nearby body of water. See id. ¶¶. 9-25.

The plaintiffs now seek insurance coverage from Allstate— Northbrook's corporate successor. The Northbrook policy covers accidents which result in personal injury and property damage, provided that such personal injury or property damage does not arise "out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into . . . any water course or body of water." Id. ¶¶ 5-6.[1] The parties agree that this carveout applies to any gradual pollution of Furnace Brook. However, the policy also contains a "carve-in" for discharges that are "sudden and accidental"—like burst pipes. See id. ¶ 7.

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2

On November 6, 2024, the plaintiffs sued Allstate, seeking to require Allstate to pay the cost of remediation under the Northbrook Policy. ECF No. 1. On February 19, 2025, Allstate sought permission to file a third-party complaint. ECF No. 24.

In its proposed third-party complaint, Allstate seeks to implead several insurance companies, alleging that they insured the plaintiffs between 1967 and 1973 and may be liable for some of the remediation costs. See ECF No. 25, Ex. 2 ("3d Party Compl."), at ¶ 5. In a declaration accompanying the motion for leave to file a third-party complaint, Allstate asserts that the plaintiffs entered into a "Consent Order" with the EPA that required the plaintiffs to investigate and remediate pollution at the Site occurring between 1955 and 1979. See ECF No. 35, Ex. 2 ("Consent Order"). Because pollution prior to the alleged 1979 accident is also covered by the plaintiffs' Consent Order with the EPA, Allstate alleges that the proposed third-party defendants may be liable for remediation costs associated with the Superfund Site. Allstate characterizes its claim against the third-party defendants as one for contribution and subrogation. See 3d Party Compl. ¶ 6.

## II.

Rule 14(a) of the Federal Rules of Civil Procedure provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to

3

it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Whether to permit the defendant to implead a third party rests in the trial court's discretion. See Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." McLaughlin v. Biasucci, 688 F. Supp. 965, 967 (S.D.N.Y. 1988). "Timely motions for leave to implead non-parties should be freely granted to promote this efficiency." Shafarman v. Ryder Truck Rental, Inc., 100 F.R.D. 454, 459 (S.D.N.Y. 1984).

 Courts consider the following factors in determining whether to grant leave: "(i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted." Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003).

**III.**

In this case, the motion for leave to file a third-party complaint was timely and the plaintiffs oppose Allstate's motion on the grounds that: (1) the third-party complaint fails to state a claim upon which relief can be granted; (2) it would unduly delay the case and complicate the trial, and (3) it would prejudice both the plaintiffs and the proposed third parties.

**A. Allstate Has Stated a Claim**

The plaintiffs first contend that Allstate's proposed third-party complaint fails to state a claim. To determine whether a third-party complaint states a claim upon which relief can be granted, courts apply the Rule 12(b)(6) standard. See Melito v. Am. Eagle Outfitters, Inc., No. 14-cv-2440, 2016 WL 6584482, at *2 (S.D.N.Y. Nov. 7, 2016).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). To survive a motion to dismiss, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

5

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

In this case, Allstate has plausibly stated a claim for contribution against the proposed third-party defendants. See 3d Party Compl. ¶ 24. The Complaint acknowledges that the pollution accumulated between 1955-1979. Even if the burst pipe was responsible for releasing that accumulated pollution into Furnace Brook—which Allstate does not concede—the soil pollution itself is potentially attributable to years when the proposed third-party defendants were responsible for insuring the plaintiffs. Accordingly, Allstate has plausibly alleged that those third-party defendants may-pursuant to the terms of their contracts—be liable to Allstate for contribution.

Although the plaintiffs contend that Allstate's contribution rights would likely be limited to insurance policies providing coverage at the time of the alleged pipe break in 1979, when considering whether a third-party plaintiff has plausibly alleged a claim, the Court must accept all the allegations in the proposed third-party complaint as true and draw all reasonable inferences in favor of the plaintiff. See

6

McCarthy, 482 F.3d at 191. Of course, the third-party defendants will be able to answer the third-party complaint or move to dismiss the third-party complaint if it is not viable as a matter of law.

### B. Impleader Will Not Cause Undue Delay

The plaintiffs next contend that impleader of the proposed third-party defendants would cause undue delay and complicate matters for trial. When considering whether Rule 14 impleader will delay or complicate the trial, courts consider whether the proposed third-party claims "arise from the same core of facts asserted in the underlying action." See Montague v. Poly Prep Country Day Sch., No. 21-cv-4054, 2025 WL 1075063, at *3 (E.D.N.Y. Apr. 10, 2025). In this case the third-party claims arise out of the same facts as the underlying dispute: namely, how to allocate fault and damages for the pollution of Furnace Brook. Moreover, at the time this motion was filed, discovery had only recently begun, no deposition notices had been served, and not all relevant documents had been produced.

### C. The Parties Will Not Be Unfairly Prejudiced

Next, the plaintiffs contend that both the plaintiffs and the third-party defendants will be unfairly prejudiced if Allstate's motion for leave to file a third-party complaint is granted. Specifically, the plaintiffs argue that if Allstate's motion is granted, the plaintiffs will be prejudiced by a delay

7

in litigation. However, the Court has already found that there will be no undue delay in litigation.

The plaintiffs also argue that the third-party defendants will be prejudiced "by being brought into a case whose allegations cannot result in their liability." See ECF No. 34. However, Allstate has adequately alleged a potentially valid claim for contribution and no unfair prejudice will result from allowing Allstate to pursue a potentially valid claim.

### D. Impleader is Proper

Finally, the plaintiffs contend that impleader is not proper because the proposed third-party defendants' liability is not contingent on the outcome of the plaintiffs' claim against Allstate. "[W]hen determining whether impleading a third-party is appropriate, the third-party defendant's liability to the third-party plaintiff must be 'dependent upon the outcome of the main claim' or the third-party defendant must be 'potentially secondarily liable as a contributor to the defendant.'" Falcone v. MarineMax, Inc., 659 F. Supp. 2d 394, 402 (E.D.N.Y. 2009) (emphasis added) (quoting Kenneth Leventhal, 736 F.2d at 31). In this case, Allstate brings a claim for contribution against the proposed third-party defendants. See E.C. Contracting, Inc. v. D.F. Pray, Inc., No. 19-cv-6813, 2021 WL 1394145, at *4 (E.D.N.Y. Mar. 3, 2021) ("[T]he traditional grounds for a third-party action are indemnification, contribution, or

8

subrogation."). The third-party defendants' liability is dependent on whether there is any liability for Allstate. Accordingly, Rule 14(a) impleader is proper in this case.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the foregoing reasons, the defendant's motion for leave to file a third-party complaint is **granted**. The Clerk is directed to close ECF No. 24.

SO ORDERED.
Dated:   New York, New York
         June 6, 2025

_____
John G. Koeltl
United States District Judge

9