**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Lightron Corporation, et al.,** | |
| **Plaintiffs,** | |
| **-against-** | |
| **Allstate Insurance Company,** | |
| **Defendant.** | |

**1:24-cv-08452 (JGK) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by plaintiffs, Lightron Corporation and ISC Properties

Inc. (collectively, "Plaintiffs") to stay what Plaintiffs refer to as a "Third-Party Action" brought by

defendant, Allstate Insurance Company ("Allstate") "pending resolution of Plaintiffs' suit against

Allstate" or, in the alternative, to "[b]ifurcate Allstate's Third-Party Action pending resolution of

the Plaintiffs' suit against Allstate." (Pls.' 8/14/25 Not. of Mot., ECF No. 81.) Third-party defendant

Employers Insurance Company of Wausau ("Wausau") partially joined in Plaintiffs' motion,

requesting that the "Third-Party Action" be bifurcated. (Wausau Partial Joinder, ECF No. 85, ¶ 7.)

Third-party defendant Fireman's Fund Insurance Company, incorrectly sued as Allianz Global

Risks US Insurance Company ("Fireman's Fund"), fully joined Plaintiffs' motion, requesting "that

the Court enter an order staying or bifurcating the third-party action pending resolution of the

main action." (Fireman's Fund Joinder, ECF No. 86, at PDF p. 3.) Continental Casualty Company

and American Casualty Company of Reading, Pennsylvania (incorrectly sued herein as American

Casualty Company) (together referred to herein as "CNA"), also fully joined Plaintiffs' motion,

"request[ing] that this Court stay the Third-Party Action pending resolution of the Main Action."

(CNA Resp., ECF No. 87, at 6.)

For the reasons set forth below, Plaintiffs' motion to stay is DENIED and their alternative motion to bifurcate is DENIED WITHOUT PREJUDICE. Correspondingly, Wausau's request to bifurcate is DENIED WITHOUT PREJUDICE; Fireman's Fund's request to stay is DENIED and its request to bifurcate is DENIED WITHOUT PREJUDICE; and CNA's request to stay is DENIED and its request to bifurcate is DENIED WITHOUT PREJUDICE.

## BACKGROUND

In November 2024, Plaintiffs brought this action against Allstate, as corporate successor to Northbrook Indemnity Company, seeking to enforce remediation rights for contamination arising from a Superfund site, under an insurance policy issued by Northbrook. (*See* Compl., ECF No. 1, ¶¶ 1-5, 8.) On January 7, 2025, District Judge Koeltl entered a Case Management Plan and Scheduling Order providing that, "[e]xcept for good cause shown, no additional parties may be joined or causes of action asserted after March 3, 2025."[1] (Case Mgt. Plan, ECF No. 16, ¶ 2.)

On February 19, 2025, Allstate filed a motion for leave to file a Third-Party Complaint against the following insurers that issued policies to Plaintiffs: Wausau, Fireman's Fund, Insurance Company of North America ("INA"); Continental Casualty Company; and American Casualty Company[2] (collectively, the "Proposed Third Parties"). (*See* Def.'s 2/19/25 Not. of Mot., ECF No. 24; Def.'s 2/19/25 Mem., ECF No. 26, at 1.) In its proposed Third-Party Complaint, Allstate

---

[1] Also on January 7, 2025, this action was referred to the undersigned for the purposes of settlement. (1/7/25 Order of Ref., ECF No. 17.) On January 14, 2025, the undersigned scheduled a settlement conference to occur on March 12, 2025. (1/14/25 Order, ECF No. 19.) At the request of Plaintiffs and Allstate (*see* Def.'s 2/24/25 Ltr., ECF No. 29), that conference later was adjourned *sine die*, due to the third-party motion practice referenced *infra*. (*See* 2/25/25 Mem. End., ECF No. 32.)

[2] Continental Casualty Company and American Casualty Company of Reading, Pennsylvania (incorrectly sued herein as American Casualty Company), collectively are referred to herein as "CNA."

alleges that these entities insured Plaintiffs between 1967 and 1973 and may be liable for some of the remediation costs. (Proposed 3d Party Compl., ECF No. 25-2, ¶¶ 5, 24.)

On March 7, 2025, Plaintiffs filed their opposition to Allstate's motion. (Pl.'s 3/7/25 Opp. Mem., ECF No. 34.) Plaintiffs argued that, "if Allstate [was] allowed to implead the Proposed Third Parties, it would unduly delay and unnecessarily complicate this matter" and "would only serve to prolong and derail the discovery process." (*Id*. at 6.) Plaintiffs also argued that allowing impleader would prejudice Plaintiffs, as well as the Proposed Third Parties. (*See id*. at 7-8.) In addition, Plaintiffs argued that Allstate's motion should be denied because the proposed Third-Party Complaint sought relief that was separate and independent from Plaintiffs' claim against Allstate, and related to a time period earlier than the time period implicated in the main action. (*See id*. at 8-10.)

On June 6, 2025, District Judge Koeltl granted Allstate's motion for leave to file the Third-Party Complaint. *See Lightron Corp. v. Allstate Ins. Co.*, No. 24-CV-08452 (JGK), 2025 WL 1616865, at *1 (S.D.N.Y. June 6, 2025). Of relevance to the motion presently pending before the Court to stay or bifurcate the Third-Party Action, in granting Allstate's motion, Judge Koeltl held that impleader would not cause undue delay, that Plaintiffs and the Proposed Third Parties would not be unfairly prejudiced and that impleader was proper. *See id*. at *3.

On June 12, 2025, Plaintiffs filed their Third-Party Complaint against INA, Fireman's Fund, CNA and Wausau (the "Third-Party Defendants"). (3d Party Compl., ECF No. 38.) On July 31, 2025, the Third-Party Defendants filed their Answers to the Third-Party Complaint. (Wausau Ans., ECF No. 62; INA Ans., ECF No. 63; CNA Ans., ECF No. 68; Fireman's Fund Ans., ECF No. 70.) On August 11, 2025, Wausau, on behalf of the Third-Party Defendants, filed a letter requesting that Judge

Koeltl "schedule a conference to discuss issues pertaining to the third-party action." (Wausau 8/11/25 Ltr., ECF No. 78.) On August 13, 2025, Judge Koeltl entered an amended Order of Reference, referring this action to me for general pretrial purposes. (8/13/25 Am. Order of Ref., ECF No. 79.)

On August 14, 2025, Plaintiffs filed the motion to stay or bifurcate that presently is before the Court (*see* Pls.' 8/14/25 Not. of Mot.), and on August 25, 2025, Fireman's Fund and CNA filed their joinders in Plaintiffs' motion and Wausau filed its partial joinder. (*See* Fireman's Fund Joinder; CNA Resp.; Wausau Partial Joinder.) On September 5, 2025, Allstate filed its opposition to the motion.[3] (Allstate 9/5/25 Mem., ECF No. 88.) On September 15, 2025, Plaintiff, Wausau, Fireman's Fund and CNA filed their reply submissions. (Pls.'9/15/25 Reply, ECF No. 91; Wausau 9/15/25 Reply, ECF No. 89; Fireman's Fund 9/15/25 Reply, ECF No. 92;[4] CNA 9/15/25 Reply, ECF No. 90.)

## DISCUSSION

### I.    Plaintiffs' Motion To Stay

Plaintiffs' motion to stay, which is joined by Fireman's Fund and CNA, is premised upon a fundamental misunderstanding of the Federal Rules of Civil Procedure, and what Judge Koeltl already decided. Plaintiffs seek to stay what they refer to as the "Third-Party Action" brought by Allstate against the Third-Party Defendants pending resolution of what they refer to as "Plaintiffs' suit against Allstate" (*see* Pls.' 8/14/25 Not. of Mot.), and what Fireman's Fund and CNA refer to

---

[3] INA did not file any response to Plaintiffs' motion.

[4] Fireman's Fund joined in Plaintiffs' reply, but erroneously filed its submission to the docket (ECF No. 92) labeled as a "THIRD PARTY MOTION."

as the "[m]ain [a]ction" brought by Plaintiffs. (*See* Fireman's Fund Joinder at PDF p. 3; CNA Resp. at 6.) However, under the Federal Rules of Civil Procedure, there is a single "civil action" that "is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Thereafter, "[a] defending party may, as third-party plaintiff," assert claims against a third-party defendant. *See* Fed. R. Civ. P. 14(a)(1); *see also* Fed. R. Civ. P. 14(a)(2)(A) (referring to "third-party plaintiff's claim"); Fed. R. Civ. P. 14(a)(4) (referring to "third-party claim").

In the present case, Allstate, as a defending party, sought leave from Judge Koeltl, pursuant to Rule 14(a), to assert claims against the Third-Party Defendants and Judge Koeltl already decided that Allstate's third-party claims were properly asserted in this action. *See Lightron*, 2025 WL 1616865, at *2. Judge Koeltl already rejected Plaintiffs' contention "that impleader of the proposed third-party defendants would cause undue delay and complicate matters for trial." *Id*. at *3. He held that "the third-party claims arise out of the same facts as the underlying dispute: namely, how to allocate fault and damages for the pollution of Furnace Brook" and that "at the time th[e] motion [for leave to file a third-party complaint] was filed, discovery had only recently begun, no deposition notices had been served, and not all relevant documents had been produced." *Id*. at *3.

Judge Koeltl also rejected Plaintiffs' contention that, "if Allstate's motion [was] granted, the plaintiffs [would] be prejudiced by a delay in litigation[,]" finding "that there [would] be no undue delay in litigation." *See Lightron*, 2025 WL 1616865, at *3. In addition, Judge Koeltl rejected Plaintiffs' contention that "third-party defendants [would] be prejudiced by being brought into a case whose allegations cannot result in their liability[,]" finding that "Allstate has adequately alleged a potentially valid claim for contribution and no unfair prejudice will result

from allowing Allstate to pursue a potentially valid claim." *Id*. (internal quotation marks and citation omitted).

Judge Koeltl's well-reasoned Memorandum Opinion and Order deciding the issues regarding Allstate's third-party claims constitutes the law of the case. Under the "law of the case" doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Frommert v. Conkright*, 913 F.3d 101, 109 (2d Cir. 2019) (citation omitted). A court may "depart from the law of the case for cogent or compelling reasons including an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (citation omitted). Here, Plaintiffs, Fireman's Fund and CNA have not provided cogent or compelling reasons to depart from Judge Koeltl's prior decision.

Although as Plaintiffs posit, the Court has inherent, discretionary power to issue a stay (*see* Pls.' 8/14/25 Mem., ECF No. 82, at 3 (citing *Fed. Ins. Co. v. Weinstein*, No. 18-CV-02526 (PAC), 2019 WL 1407455, at *2 (S.D.N.Y. Mar. 28, 2019)), the Court finds no valid basis to stay the third-party claims that Judge Koeltl already permitted to be filed. Accordingly, the motion to stay is denied.

## II.   **Plaintiffs' Alternative Motion To Bifurcate**

Plaintiff's alternative motion, joined by Wausau, Fireman's Fund and CNA, is to bifurcate the third-party claims for trial, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure. (*See* Pls.' 8/14/25 Mem. at 7-13; Wausau Partial Joinder ¶¶ 6-7; Fireman's Fund Joinder at PDF pp. 2-3; CNA Resp. at 5-6.) Rule 42(b) provides that "for convenience, to avoid prejudice, or to expedite

and economize, [a] court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).

Decisions to bifurcate trials are "well within the discretion of district courts." *In re Sept. 11 Litig.*, 802 F.3d 314, 339 (2d Cir. 2015). "While separation of issues for trial is not to be routinely ordered, it is important that it be encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42, 1966 Amendment, Advisory Committee Notes. The Second Circuit has approved of bifurcation when claims are predicated on "different factual and legal issues," *Oorah, Inc. v. Schick*, 552 F. App'x 20, 23 (2d Cir. 2014), when "litigation of one issue may obviate the need to try another issue," *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996), or when "one party will be prejudiced by evidence presented against another party." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999). Additional relevant factors include:

> (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted.

*Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001). "The party seeking bifurcation bears the burden of establishing that bifurcation is warranted." *Id*.

This action has been referred to the undersigned for general pretrial purposes. (*See* 8/13/25 Am. Order of Ref.) Judge Koeltl will be presiding over the trial of this action and will decide how the trial proceeds. It is premature to decide whether to bifurcate the third-party claims from the trial of Plaintiffs' claims against Allstate. In order to assess the relevant factors set forth above, the issue of bifurcation is best decided after the record has been fully developed during discovery. *See Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 448 (S.D.N.Y. 1995) (Koeltl, J.)

(finding motion to bifurcate under Rule 42(b) "premature because discovery is not yet complete[,]" and stating: "The continuing development of the factual record in this case may well affect the issues to be tried and the presentation of those issues in the Joint Pretrial Order.") Accordingly, the motion to bifurcate is denied without prejudice.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs' motion (ECF No. 81) to stay is DENIED and their alternative motion to bifurcate is DENIED WITHOUT PREJUDICE; Wausau's request (ECF No. 85) to bifurcate is DENIED WITHOUT PREJUDICE; Fireman's Fund's request (ECF No. 86) to stay is DENIED and its request to bifurcate is DENIED WITHOUT PREJUDICE; and CNA's request (ECF No. 87) to stay is DENIED and its request to bifurcate is DENIED WITHOUT PREJUDICE. The Clerk of Court is respectfully requested to terminate the gavel at ECF No. 92.

No later than September 25, 2025, the parties shall meet and confer regarding a revised schedule for completion of discovery and file a joint letter setting forth a proposed schedule. If the parties cannot agree, then they shall set forth in the joint letter their respective positions.

**SO ORDERED.**

Dated:        New York, New York
              September 17, 2025

              _____
              STEWART D. AARON
              United States Magistrate Judge

8